UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEPHEN YANG,<br><br>        Plaintiff,<br><br> - against -<br><br><br>SMASH.COM INC.<br><br>        Defendant. | Docket No. 17-cv-5322<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Stephen Yang ("Yang" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant Smash.com Inc. (Smash" or "Defendant") hereby alleges as follows:

### NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act.  This action arises out of Defendant's unauthorized reproduction and public display of two copyrighted photographs of a 28-pound cat named Samson.  The photographs are owned and registered by Yang, a New York-based professional photographer.  Accordingly, Plaintiff seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

### JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant resides in and/or transacts business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Yang is a professional photojournalist having a usual place of business at 270 Empire Boulevard, #1K, Brooklyn, New York 11225.

6. Upon information and belief, Defendant is a foreign business corporation duly organized and existing under the laws of Delaware with a place of business at 44 West 63rd Street, New York, NY 10023.  Upon information and belief, Defendant is registered with the New York Department of State, Division of Corporations to do business in the State of New York.  At all times material hereto, Smash has owned and operated a website at the URL: www.smash.com (the "Website").

## STATEMENT OF FACTS

**A.  Background and Plaintiff's Ownership of the Photographs**

7. Yang photographed a 28-pound feline named Samson and his owner, Jonathan Zurbel, who reside in New York City.  One of Yang's photographs depicts Zurbel hugging Samson ("Photograph #1") and another depicts Zurbel raising Samson over his head ("Photograph #2).  A true and correct copy of Photograph #1 is attached hereto as Exhibit A.  A true and correct copy of Photograph #2 is attached hereto as Exhibit B.  (Photograph #1 and Photograph #2 will be collectively referred to herein as the "Photographs").

8. Yang then licensed the Photographs to the New York Post.

9. On August 6, 2016, the New York Post ran an article that featured the Photographs on its web edition entitled *Meet Samson – the Biggest Cat in NYC.*  See

http://nypost.com/2016/08/06/meet-samson-the-biggest-cat-in-nyc/ The New York Post included a gutter credit below each of Yang's photographs which identified Yang as the author of the Photographs. A true and correct copy of the New York Post article is attached hereto as Exhibit C.

10. Yang is the author of the Photographs and has at all times been the sole owner of all right, title and interest in and to the Photographs, including the copyright thereto.

11. The Photographs were registered with the U.S. Copyright Office and were given Copyright Registration Number VA 2-032-019, effective as of September 21, 2016.

**B.  Defendant's Infringing Activities**

12. Upon information and belief, on August 17, 2016, Smash ran an article on the Website entitled *'Catstradamus'—Samson Is The Largest Cat In New York City And Weighs An Insane 28 Pounds*. See http://www.smash.com/catstradamus-samson-largest-cat-new-york-city-weighs-insane-28-pounds/

13. Smash's article prominently featured the Photographs. A screen shot of the relevant portion of the article displaying the Photographs is attached hereto as Exhibit D.

14. The Photographs appeared on the Website's computer servers.

15. Smash did not license the Photographs from Plaintiff for its article, nor did Smash have Plaintiff's permission or consent to publish the Photographs on its Website.

16. Upon information and belief, Smash removed Yang's gutter credit from the article on its Website and did not attribute the Photographs to anyone.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST SMASH)**
(17 U.S.C. §§ 106, 501)

17. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-16 above.

18. Defendant infringed Plaintiff's copyright in the Photographs by reproducing and publicly displaying the Photographs on the Website. Defendant is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photographs.

19. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

20. Upon information and belief, the foregoing acts of infringement by Defendant have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

21. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

22. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photographs, pursuant to 17 U.S.C. § 504(c).

23. Plaintiff is further entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

24. Defendant's conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages. Plaintiff has no adequate remedy at law.

**SECOND CLAIM FOR RELIEF**
**(INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST IHEARTMEDIA)**
**(17 U.S.C. § 1202)**

25. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-24 above.

26. When the Photographs were published in an article in the New York Post, the article contained copyright management information under 17 U.S.C. § 1202(b).

27. Upon information and belief, Smash copied the Photographs from the New York Post, which contained copyright management information, and pasted it on the Website.

28. Upon information and belief, Defendant intentionally and knowingly removed copyright management information identifying Yang as the photographer of the Photographs.

29. The conduct of Smash violates 17 U.S.C. § 1202(b).

30. Upon information and belief, Smash's falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

31. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Smash intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph. Defendant also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal its infringement of Plaintiff's copyrights in the Photographs.

32. As a result of the wrongful conduct of Defendant as alleged herein, Plaintiff is entitled to recover from Defendant the damages, that he sustained and will sustain, and any

gains, profits and advantages obtained by Defendant because of its violations of 17 U.S.C. §1202, including attorney's fees and costs.

33. Alternatively, Plaintiff may elect to recover from Defendant statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Smash be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. The Defendant Smash be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3. That, with regard to the First Claim for Relief, Plaintiff be awarded either: (a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph; or (b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

4. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

7. That Plaintiff be awarded pre-judgment interest; and

8. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
July 13, 2017

LIEBOWITZ LAW FIRM, PLLC

By: /s/jameshfreeman
James H. Freeman
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
Tel: (516) 233-1660
JF@LiebowitzLawFirm.com

*Attorneys for Plaintiff Stephen Yang*